KILPATRICK TOWNSEND & STOCKTON LLP
SCOTT E. KOLASSA (SBN 294732)
1080 Marsh Road
Menlo Park, CA 94025
Telephone: 650 326 2400
Facsimile: 650 326 2422
Email: skolassa@kilpatricktownsend.com

Attorneys for Defendant
UNITED EXCHANGE CORP.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| CHILDREN ORAL CARE, LLC,<br>Plaintiff,<br>v.<br>UNITED EXCHANGE CORP.,<br>Defendant. | Case No. 8:14-cv-01106-JLS-DFM<br><br>**DEFENDANT UNITED EXCHANGE CORP.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>Complaint filed 7/16/14<br><br>**DEMAND FOR JURY TRIAL** |

Defendant United Exchange Corp. ("UEC"), by and through its undersigned counsel, hereby submits its Answer to the Complaint ("Complaint") of Plaintiff Children Oral Care, LLC ("Children Oral Care") as follows:

**<u>THE PARTIES & JURISDICTION</u>**

1. UEC admits that that the Complaint purports to commence "an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 1 et seq., and more particularly, 35 U.S.C. §§ 271 and 281," but denies that it has infringed Children Oral Care's patent. UEC admits that 28 U.S.C. § 1331 provides that district courts have "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States" and that 28 U.S.C. § 1338(a) provides district courts with "original jurisdiction of any civil action arising under any Act of Congress

relating to patents." UEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1 and therefore denies them.

2. UEC lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations in Paragraph 2 and therefore denies them.

3. UEC admits that it is a California Corporation with its principal place of business at 17211 Valley View Avenue, Cerritos, California 90703.

4. UEC admits that this Court has personal jurisdiction over UEC for purposes of this lawsuit. UEC denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Admitted.

## THE PATENT-IN-SUIT

6. UEC admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 8.707,500 ("the '500 Patent"), which is entitled "Illuminated Flashing Toothbrush and Method of Use," and on its face bears an issuance date of April 29, 2014. UEC lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 6 of the Complaint, and therefore denies the same.

7. UEC admits that Exhibit A to the Complaint on its face states that Children Oral Care is the assignee of the '500 Patent. UEC lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of the Complaint, and therefore denies the same.

8. UEC lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, and therefore denies the same.

9. UEC admits that it has made, imported, sold, and/or offered for sale, and continues to make, import, sell, and/or offer for sale toothbrushes that light up

when a button on the handle of the brush is pressed, and that UEC sells these toothbrushes to retailers including CVS, Rite Aid, Walgreens, and Meijer. UEC further admits that its toothbrushes are sold under private label, including "Light-Up Stars Toothbrush For Kids" by CVS and "Children's Toothbrush and Floss" by Walgreens. UEC further admits that Exhibits B and C to the Complaint appear to be photographs of toothbrushes sold by UEC. UEC denies the remaining allegations of paragraph 9, and further denies that any allegations contained in paragraph 9 of the Complaint describe conduct that constitutes infringement of any claim of the '500 Patent.

10. UEC admits that it received a letter dated July 9, 2014 from Dr. Fresh. UEC denies that its toothbrushes infringe the '500 Patent.

## COUNT I – Patent Infringement

11. UEC repeats and realleges the responses in paragraphs 1 through 10 as though fully set forth herein.

12. Denied.

13. UEC admits that Exhibits B and C appear to be photographs of toothbrushes that are currently on sale in this judicial district. UEC denies the remaining allegations of paragraph 13, and further denies that any allegations contained in paragraph 13 of the Complaint describe conduct that constitutes infringement of any claim of the '500 Patent.

14. UEC admits that it had knowledge of the '500 Patent as of July 9, 2014. UEC denies all remaining allegations of paragraph 14.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## PRAYER FOR RELIEF

Any remaining allegations not specifically admitted herein are denied. It is further denied that Children Oral Care is entitled to the relief requested in the Complaint or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Non-Infringement)

UEC does not infringe, either directly or indirectly, any claim of the ’500 Patent, either literally or under the doctrine of equivalents.

### THIRD DEFENSE
### (Invalidity)

The claims of the ’500 Patent are invalid for failure to comply with one or more of the statutory requirements for patentability set forth in Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

### FOURTH DEFENSE
### (Prosecution History Estoppel)

By virtue of the prior art and/or prosecution proceedings before the United States Patent and Trademark Office of the application that led to the ’500 Patent, Children Oral Care is estopped from maintaining that any claim of the ’500 Patent is infringed, either literally or under the doctrine of equivalents.

### FIFTH DEFENSE
### (Improper Inventorship)

The claims of the ’500 Patent are invalid and/or unenforceable because the named inventor of the ’500 Patent is not the proper named inventor of the purported invention claimed in the ’500 Patent.

**SIXTH DEFENSE**
**(Acquiescence, Waiver, Equitable Estoppel, Patent Misuse, and/or Unclean Hands)**

The claims of the ’500 Patent are invalid and/or unenforceable because of the equitable doctrines of Acquiescence, Waiver, Equitable Estoppel, Patent Misuse, and/or Unclean Hands.

**RESERVATION OF ADDITIONAL DEFENSES**

UEC reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available to UEC based on discovery and further factual investigation in this case.

*    *    *

**COUNTERCLAIMS**

For its counterclaims against Children Oral Care, LLC (“Children Oral Care”), United Exchange Corp. (“UEC”) states and alleges as follows:

**THE PARTIES**

1. UEC is a California corporation with its place of business at 17211 Valley View Avenue, Cerritos, California 90703.

2. Upon information and belief, Children Oral Care is a limited liability corporation organized under the laws of the State of Delaware with a principal place of business at 6645 Caballero Boulevard, Buena Park, California 90620.

**JURISDICTION AND VENUE**

3. This action arises under, *inter alia*, the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between UEC and Children Oral Care regarding U.S. Patent No. 8,707,500 (the “’500 Patent”). Children Oral Care purports to own all rights, title, and interest in the ’500 Patent. Children Oral Care has asserted that UEC infringes at least claim 13 of the ’500 Patent. UEC denies

that it infringes any claim of the ’500 Patent and contends that the claims of the ’500 Patent are invalid.

4. This Court has jurisdiction over the subject matter of these patent counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. This Court has personal jurisdiction over Children Oral Care because Children Oral Care has availed itself of the rights and privileges of the laws of the State of California by suing UEC in this District.

6. Accordingly, venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’500 Patent)**

7. UEC re-alleges and incorporates by reference the allegations of paragraphs 1-6 of its Counterclaims as if fully set forth herein.

8. In its Complaint, Children Oral Care alleges that UEC infringes one or more claims of the ’500 Patent. UEC has not infringed, either directly or indirectly, any valid claim of the ’500 Patent, either literally or under the doctrine of equivalents.

9. An actual and justiciable controversy requiring declaratory relief exists between Children Oral Care and UEC, as evidenced in part by Children Oral Care’s filing of its Complaint alleging infringement of the ’500 Patent against UEC.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, UEC requests that this Court enter a judgment that UEC does not infringe, either directly or indirectly, any valid claim of the ’500 Patent, either literally or under the doctrine of equivalents.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’500 Patent)**

11. UEC re-alleges and incorporates by reference the allegations of paragraphs 1-10 of its Counterclaims as if fully set forth herein.

12. By its allegations of infringement, Children Oral Care implicitly asserts that the asserted claims of the ’500 Patent are valid. UEC contends that the asserted claims of the ’500 Patent are invalid for failing to comply with one or more of the statutory requirements for patentability set forth in Title 35 United States Code, including §§ 102, 103, and/or 112.

13. An actual justiciable controversy requiring declaratory relief exists between Children Oral Care and UEC, as evidenced in part by Children Oral Care’s filing of its Complaint alleging infringement of the ’500 Patent against UEC.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, UEC requests that this Court enter a judgment that the claims of the ’500 Patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, 111, 112, 115, and/or 116.

## PRAYER FOR RELIEF

Wherefore, UEC respectfully requests that this Court enter a judgment and decree in their favor against Children Oral Care:

A. Dismissing Children Oral Care’s Complaint in its entirety with prejudice;

B. Declaring that UEC does not infringe, directly or indirectly, any asserted claim of U.S. Patent No. 8,707,500, either literally or under the doctrine of equivalents;

C. Declaring that each asserted claim of the ’500 Patent is invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, 111, 112, 115, and/or 116;

D. Declaring that Children Oral Care’s claims are barred, in whole or in part, due to the doctrine of unclean hands and/or patent misuse and/or other equitable defenses;

E. Declaring that this case is an exceptional case under 35 U.S.C. § 285 and awarding UEC its attorneys’ fees, costs, and expenses;

F. For damages in an amount to be proven at trial;

G. For both pre- and post-judgment interest at the maximum allowable rate on amounts awarded;

H. For exemplary and punitive damages against Children Oral Care according to proof;

I. For UEC costs of suits;

J. For such other and further relief as the Court may deem fair and equitable;

K. Awarding UEC such other and further relief as the Court deems just and proper.

**JURY DEMAND**

United Exchange Corp. hereby demands a jury trial as to all issues triable to a jury.

DATED: September 12, 2014

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *Scott Kolassa*
SCOTT KOLASSA

Attorneys for Defendant
UNITED EXCHANGE CORP.